**CIRCUIT COURT**
140 ADAMS AVE.
ROOM 224
MEMPHIS, TN 38103

# (~~CHANCERY~~ / CIRCUIT) COURT OF TENNESSEE
## FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS
### SUMMONS IN CIVIL ACTION

**CHANCERY COURT**
140 ADAMS AVE.
ROOM 308
MEMPHIS, TN 38103

NO. CT-003472-14 D.    AD DAMUM $ _____    AUTO ☐  OTHER ☐

Ashton Rhodes and Maggie Rhodes

5663 Water Stone Oak Way 201
Home Address

Memphis TN 38115
Business Address

**PLAINTIFF**

vs.

Christ Community and Dr Joyce Liu

2861 Broad Ave
Home Address

Memphis TN 38112
Business Address

**DEFENDANT**

TO THE DEFENDANT(S): Christ Community and n/a
2861 Broad Ave Memphis, TN 38112

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and serving a copy of your answer to the Complaint on Maggie Rhodes Plaintiff's attorney, whose address is 5663 Water Stone Oak Way Apt 201 within THIRTY (30) DAYS after this summons has been served upon you, not including the day of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

**KENNY ARMSTRONG**, CLERK & MASTER

BY _____, D. C.

TESTED AND ISSUED  8-12, 20 14

**JIMMY MOORE**, Clerk

BY _____, D. C.

### TO THE DEFENDANT(S):

NOTICE: Pursuant to Chapter 919 of the Public Acts of 1980 you are hereby given the following notice:
Tennessee law provides a four thousand ($4,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt, with the Clerk of Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filled before the judgment becomes final, it will not become effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed. These include: items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

### COST BOND

I hereby acknowledge and bind myself for the prosecution of this action and payment of all costs not to exceed $500.00 in this court which may at any time be adjudged against the plaintiff in the event the said plaintiff shall not pay the same.

Witness My Hand this _____ Day of _____, 20 ___

Certification when applicable

I, Jimmy Moore, Clerk of the Circuit Court, Shelby County, Tennessee, certify this to be a true and accurate copy as filed this _____.

Surety

**JIMMY MOORE**, Clerk
By: _____ D. C.

Exhibit 3

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

FILED
AUG 12 2014
CIRCUIT COURT CLERK
BY _____ D.C.

ASHTON RHODES AND MAGGIE RHODES

    Plaintiffs,

v.

DR. JOYCE LIU AND CHRIST
COMMUNITY HEALTH SERVICES

    Defendants.

Case No. CT-003472-14

Judge _____

JURY TRIAL DEMANDED

## COMPLAINT

NOW COMES Plaintiff, Ashton Rhodes and Maggie Rhodes of 5663 Waterstone Oakway, Apt 201, Memphis TN, 38115, 901-830-0308, by Pro Se, and complaining of Defendants, Dr. Joyce Liu and Christ Community Health Services of 28th Broad Ave, Memphis, TN 38112 at (901) 260-8450, states the following:

### Introduction

1. Plaintiffs bring this action to redress violations by Defendants of Plaintiffs' rights under the Constitutions and laws of the United States and State of Tennessee.

2. This is an action pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of statute, regulation, custom or usage of rights, privileges and immunities secured to Plaintiffs by the Fourteenth Amendment to the Constitution of the United States

3. This is an action pursuant to 42 U.S.C. § 1985(3) to redress the Defendants' acts of conspiring for the purpose of depriving, either directly or indirectly, Plaintiffs of the equal protection of the laws, or of equal privileges and immunities secured to the Plaintiffs by the Fourteenth Amendment to the Constitution of the United States.

4. Specifically, as a result of egregious medical misconduct and procedure malpractice, Plaintiff (Ashton Rhodes) was subjected to a botched circumcision of the penile foreskin, pain and suffering with significant emotion distress.

### Jurisdiction and Venue

5. This court has jurisdiction of the action pursuant to 28 U.S.C. Section 1331.

6. Venue is proper under 28 U.S.C. Section 1331 (b).   All parties reside in this judicial district, and the events giving rise to the claims asserted herein occurred within district.

### Count I – State Law Claim

### Medical Malpractice

7. Plaintiff realleges by this reference paragraphs 1 through 6 of this Complaint as if restated fully herein.

8. The actions of Dr. Joyce Liu and Christ Community Health Services were the direct and proximate cause of the pain and suffering of the Plaintiff's Amendment rights, physical suffering, mental distress, monetary damages, loss of reputation, humiliation and other injury, as set forth more fully above.

9. WHEREFORE Plaintiff respectfully request this Court to enter judgment for monetary damages against Dr. Joyce Liu and Christ Community Health Services, to enter a judgment for punitive damages of Dr. Joyce Liu and Christ Community Health Services, to award Plaintiff his Attorney fees and costs, and for any other such relief as this Court deems appropriate.

### Count II – State Law Claim
### Medical Malpractice

10. Plaintiff realleges by this reference paragraphs 1 through 6 of this Complaint as if restated fully herein.

11. Tennessee law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

12. Dr. Joyce Liu and Christ Community Health Services is or was an employee of Christ Community Health Services, who acted within the scope of her employment in committing misconduct described herein.

WHEREFORE Plaintiff respectfully request this Court to enter judgment for monetary damages against the Dr. Joyce Liu and Christ Community Health Services in the amount of (Two Million Dollars in damages- Compensatory, Pain and Suffering, Emotional Distress and Punative) and to award Plaintiff his Attorney's fees and costs, and for any other such relief as this Court deems appropriate

## JURY DEMAND

Plaintiffs ASHTON RHODES AND MAGGIE RHODES, hereby demands a trial by Jury pursuant to Federal Rule of Civil Procedures 38 (b) on all issues so triable.

RESPECTFULLY SUBMITTED

*Maggie C. Rhodes*

MAGGIE RHODES

11 Aug 2014

STATE OF TENNESSEE
COUNTY OF SHELBY

Before me, a Notary Public in and for said State and County, duly commissioned and qualified, personally appeared *Maggie Rhodes* to me known (or proved to me on the basis of satisfactory evidence) to be the person described in and who executed the foregoing instrument, and acknowledged that he/she executed the same as her free act and deed for the purposes therein contained.

WITNESS my hand and Notarial Seal at office this 12 day of Aug 2014

*Sharon C. Carter*

(Notary Seal: SHARON C. CARTER, STATE OF TENNESSEE NOTARY PUBLIC, SHELBY COUNTY)

MY COMMISSION EXPIRES
MARCH 7, 2015

ELECTRONICALLY FILED
2014 Sep 11 PM 1:21
CLERK OF COURT - CIRCUIT

S001M-60072

IN THE CIRCUIT COURT OF SHELBY COUNTY, TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

ASHTON RHODES and
MAGGIE RHODES,

    Plaintiffs,

vs.

CASE NO. CT-003472-14
DIV. V

DR. JOYCE LIU and
CHRIST COMMUNITY HEALTH SERVICES,

    Defendants.

## DEFENDANTS' MOTION TO DISMISS THE COMPLAINT PURSUANT TO TENN. RULES OF CIVIL PROCEDURE 12.02

COME NOW the Defendants, Dr. Joyce Liu and Christ Community Health Services, and move the Court for an order of dismissal of the Complaint filed against them for lack of jurisdiction and venue and for failure to comply with the provisions of TCA 29-26-121 and TCA 29-26-122. In support of the Motion, the Defendants state as follows:

1. The Complaint itself fails to state a proper grounds for jurisdiction and venue. Paragraph 5 of the Complaint says that "this court has jurisdiction of the action pursuant to 28 U.S.C. Section 1331." That is not the case when it is filed in the Circuit Court of Shelby County.

2. Moreover, Defendants believe themselves to be protected by the Federally Supported Health Centers Assistance Act of 1992 (FSHCAA) (Pub. L. 102-501) which should be applied to the Defendants, and consequently jurisdiction of the action is pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2401(b), and 2671-80, because they are thereby deemed to be employees of the Public Health Service.

3. Plaintiffs have failed to comply with TCA § 29-26-121 which requires a minimum of sixty (60) days written notice before filing a Complaint based upon healthcare liability in any Court in this State. No such notice was provided.

4. Furthermore, TCA § 29-26-122 requires a filing of a certificate of good faith along with the Complaint, which was not done in this case. TCA § 29-26-122(c) states that "the failure of a plaintiff to file a certificate of good faith in compliance with this section shall, upon motion, make the action subject to a dismissal with prejudice."

For the reasons stated herein, Defendants aver that the Complaint filed against them is invalid and therefore should be dismissed with prejudice.

Respectfully submitted,

**LEWIS THOMASON**

Jerry E. Mitchell (#7952)
Attorney for Defendants
40 South Main Street, Suite 2900
Memphis, Tennessee 38103
(901) 525-8721

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing has been mailed, postage pre-paid, on this 11th day of September, 2014:

*Pro Se Plaintiffs*

Ashton Rhodes
Maggie Rhodes
5663 Waterstone Oakway, Apt. 201
Memphis, TN  38115

Jerry E. Mitchell

5633555

IN THE CIRCUIT COURT OF SHELBY COUNTY, TENNESSEE
FOR THE 30TH JUDICIAL DISTRICT AT MEMPHIS

| | |
|---|---|
| MAGGIE RHODES and <br> ASHTON RHODES, <br>     Plaintiffs, <br><br> v. <br><br> DR. JOYCE LIU and <br> CHRIST COMMUNITY HEALTH <br> SERVICES, <br>     Defendants. | CT-003472-14 <br><br> DIVISION 5 |

## PLAINTIFF'S MOTION TO STRIKE PLEADINGS WITHOUT PREJUDICE

COME NOW the Plaintiffs, Ashton Rhodes and Maggie Rhodes, through Counsel, and move this Honorable Court to strike the pleadings filed on August 12, 2014 and dismiss the complaint without prejudice pursuant to Tennessee Rules of Civil Procedure 17.02 and 11.01 for the following reasons:

1. Maggie Rhodes is the biological mother of Ashton Rhodes, an infant, who was born on April 22, 2013, in Memphis, Tennessee.

2. The complaint in the instant case was filed *pro se* by Maggie Rhodes and names Maggie Rhodes and Ashton Rhodes, individually, as Plaintiffs.

3. As an infant, Ashton Rhodes does not have the capacity to sue in his own name. He may only sue through a representative as "next friend" or through a court-appointed guardian per Tennessee Rule of Civil Procedure 17.03.

4. Ashton Rhodes does not have a court-appointed guardian, conservator, or other person who can file suit on his behalf.

5. Maggie Rhodes is an adult resident of Shelby County, Tennessee, but not a licensed attorney. As such she can file suit on her own behalf, but she cannot file a complaint on behalf of her son.

6. Although a search of Tennessee law revealed no cases directly on point, in *Shepherd v. Wellman*, 313 F.3d 963 (2002), the Sixth Circuit followed the Second Circuit's holding in *Cheung v. Youth Orchestra Association of Baltimore* that parents cannot represent their children *pro se*. The Court in *Cheung* stated:

> A non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child. The choice to appear *pro se* is not a true choice for minors who under state law, see Fed.R.Civ.P 17(b), cannot determine their own legal actions... It goes without saying that it is not in the interests of minors or incompetents that they may be represented by non-attorneys. When they have claims that require adjudication, they are entitled to trained legal assistance so their rights may be fully protected.
> *Cheung v. Youth Orchestra Association of Baltimore*, 906 F.2d 59, 61-62 (1990).

Judge Aleta A. Trauger for the United States District Court, Middle District of Tennessee, applied the Sixth Circuit's position in *Mitchell v. Taylor* (3:13cv-00569).

7. Although Ashton Rhodes is currently represented by counsel, he was not at the time of filing of the complaint. Maggie Rhodes filed the complaint without the assistance of a licensed Tennessee attorney.

8. The complaint was signed only by Maggie Rhodes, not Ashton Rhodes or an attorney representing Ashton Rhodes. Per Tennessee Rule of Civil Procedure 11.01, an unsigned paper shall be struck.

9. To allow a defective complaint filed *pro se* by Ashton Rhodes' mother to cut off his right to seek redress for his injuries would reject the principles of equity established by this court and produce an unconscionable result.

WHEREFORE, the Plaintiffs Ashton Rhodes and Maggie Rhodes request that the complaint filed by Maggie Rhodes on August 12, 2014 be dismissed without prejudice.

Respectfully submitted this the 9th day of October, 2014.

_____
KATHRYN MACERI (030797)
Attorney for Plaintiffs Maggie Rhodes and Ashton Rhodes
The Claiborne Ferguson Law Firm
294 Washington Avenue
Memphis, TN 38103
Phone: (901) 529-6400

CERTIFICATE OF SERVICE

I, the undersigned attorney, do hereby certify that the foregoing document has been served upon all concerned parties in this case, all defendants, and all plaintiffs by placing a true and correct copy of same in the United States mail, postage prepaid, in a properly addressed envelope, or by hand delivering same this the 9th day of October, 2014.

Jerry E. Mitchell, Esq.
Attorney for Defendants
40 South Main St. Suite 2900
Memphis, Tennessee 38103
(901) 525-8721

_____
KATHRYN MACERI