UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

Ashton Rhodes and Maggie Rhodes,
    Plaintiffs,

v.                         Civil No. 14-2928-SHL-dkv

United States
    Defendant.

MOTION TO DISMISS
COMBINED WITH SUPPORTING MEMORANDUM

The United States of America moves for dismissal without prejudice pursuant to Fed. R. Civ. P. 12(b)(1). The Court does not have subject matter jurisdiction. The United States argues as follows in support of dismissal.

## I. INTRODUCTION

The Plaintiffs sued Christ Community Health Services, Inc. (CCHS), a federally funded community health clinic, and Dr. Joyce Liu, a CCHS employee. Pursuant to 42 U.S.C. § 233(c) and (g), the United States removed the suit to this Court where it is deemed to be a suit against the United States. Accordingly, the United States has been substituted as the only defendant. (ECF No. 6, Order.) The Plaintiffs' exclusive remedy for the tort claim pleaded is a remedy against the United States. 42 U.S.C. § 233(g)(1)(A). If the Plaintiffs' claim can proceed at all, it can only proceed under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b) and 2672.

The jurisdictional provision of the FTCA, codified in relevant part at 28 U.S.C. § 1346(b), is a limited waiver of sovereign immunity, conditioned on exhaustion of administrative remedies. However, the Plaintiffs have not exhausted the administrative remedy afforded by the FTCA. See Exhibit 1, Declaration of Meredith Torres. Because of the failure to exhaust the

administrative remedy, the FTCA's waiver of sovereign immunity is not available to the Plaintiffs. Without that waiver of sovereign immunity, the Court lacks subject matter jurisdiction. *See generally, Sanchez v. United States*, 740 F.3d 47, 49-50 (1st Cir. 2014), *cert. denied*, 135 S. Ct. 54 (2014) (holding that federally funded community health center and physician employee were deemed to be federal employees and that medical malpractice action could only proceed against the United States, subject to FTCA's exhaustion requirement).

## II.  ARGUMENT

The Court has subject matter jurisdiction of an action against the United States only if the United States has waived sovereign immunity. "[T]he United States, as sovereign, is immune from suit save as it consents to be sued . . . , and the terms of its consent to be sued in any court define that court's jurisdiction to entertain suit." *United States v. Mitchell*, 445 U.S. 535, 538 (1980). By statute, if the Plaintiffs can bring suit at all, they can only sue under the provision of the FTCA. 42 U.S.C. § 233(g)(1)(A). Thus the FTCA is Plaintiffs' only possible source for a waiver of sovereign.

As a limited waiver of sovereign immunity, the FTCA dictates that the Plaintiffs must pursue their tort claim in compliance with the Act's procedures. *See, McNeil v. United States*, 508 U.S. 106, 112 (1993). Among those FTCA procedures is an administrative claims process:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have *first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency* in writing and sent by certified or registered mail. The failure of an agency to make a final disposition of a claim within six months after it is filed shall, at the option of the claimant at any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a) (emphasis added). Thus exhaustion of the administrative remedy is a jurisdictional prerequisite to the filing of an action under the FTCA. *McNeil v. United States*,

2

508 U.S. at 112; *Bumgardner v. U.S*., 469 Fed. Appx. 414, 417 (6th Cir. 2012); *Blakely v. U.S*., 276 Fed. Appx. 853, 864-65 (6th Cir. 2002).

In medical malpractice actions that arose in federally funded community health clinics – such as this case – the courts have uniformly held that lack of administrative exhaustion is a jurisdictional defect that deprived those courts of subject matter jurisdiction.  *Sanchez v. United States*, 740 F.3d at 49-50; *Morrison v. Kache*, 576 Fed. Appx. 715 (10th Cir. 2014); *Sherman v. United States*, ___ F. Supp. 3d ___, 2014 WL 4921389 (E.D. Mich. 2014); *Carrizales v. United States*, 2014 WL 4471602 (D. Neb. Sept. 10, 2014); *Pompos v. Community Health Centers of Greater Cincinnati*, 2013 WL 5492638, (Oct. 2, 2013, S.D. Ohio).

As the Department of Health and Human Services records indicate, the Plaintiffs have not filed an administrative tort claim.  Exhibit 1, Declaration of Meredith Torres.  Thus the Plaintiffs have failed to meet a jurisdictional prerequisite, and this Court must dismiss the complaint for lack of jurisdiction.

### III.  CONCLUSION

The Court lacks subject matter jurisdiction, and the United States is entitled to a judgment denying any relief to the Plaintiffs and dismissing the Complaint against it.

> Respectfully submitted,
> EDWARD L. STANTON III
> United States Attorney
>
> By:  s/ William W . Siler (BPR #7194)
> Assistant United States Attorney
> 167 North Main Street, Suite 800
> Memphis, Tennessee 38103
> Telephone  (901) 544-4231
> Facsimile (901) 544-4230
> bill.siler@ usdoj.gov

3

CERTIFICATE OF SERVICE

      I, William W. Siler, Assistant U.S. Attorney, certify that the foregoing has been electronically filed on this date. I further certify that a copy of the foregoing has been mailed to:

Kathryn Maceri
The Claiborne Ferguson Law Firm
294 Washington Ave.
Memphis, Tennessee 38103
Attorney for Plaintiffs

                                      s/ William W. Siler
                                      Assistant United States Attorney

                                      Date: December 9, 2014